889 F.2d 1098
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Earlie W. COFIELD, Jr., Petitioner,
v.
GOVERNMENT PRINTING OFFICE, Respondent.
 No. 88-3256.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1989.
 ORDER
 
 1
 Upon consideration of respondent's motion for an enlargement of time and all other relevant papers, it is
 
 
 2
 ORDERED that respondent's motion for an enlargement of time, to and including January 31, 1989, is allowed.
 
 RESPONDENT'S MOTION FOR AN ENLARGEMENT OF TIME
 
 3
 Respondent respectfully requests an enlargement of time of 14 days, to and including January 31, 1989, within which to file a reply to Petitioner's Response To Respondent's Motion To Vacate The Decision Below And Remand With Direction To Dismiss As Moot. Pursuant to this Court's order, respondent currently is required to file any reply to petitioner's response on or before January 17, 1989. This is respondent's first request for an enlargement of time for this purpose. Respondent's counsel attempted to contact petitioner's counsel to ascertain whether petitioner will object to this motion, but petitioner's counsel was unavailable.
 
 
 4
 Approximately three business days ago, respondent's counsel received this Court's order allowing respondent 10 days to file a reply to petitioner's response to Respondent's Motion to Vacate The Decision Below And Remand With Direction To Dismiss As Moot. Respondent's counsel immediately forwarded a copy of the Court's order and petitioner's response, which had arrived during the Christmas holidays, to the Government Printing Office (GPO), the interested agency, for review and comment.
 
 
 5
 Because this appeal involves an action for enforcement and the revocation of a delegation of authority to issue firearms by GPO's former Public Printer, preparation of a reply to petitioner's response will require extensive consultation with senior officials at both GPO and the Department of Justice. Moreover, counsel's reply to petitioner's response will have to be reviewed by officials at both agencies.
 
 
 6
 Between receipt of this Court's order approximately three business days ago and January 17, 1989, however, respondent's counsel was and will be required to devote nearly all of his time to preparing a motion to compel production of documents and responses to interrogatories in State of Illinois v. United States, Cl.Ct. No. 397-87C; completing a settlement agreement in Alaskan Northwest Natural Gas Transportation Company, et al. v. United States, Cl.Ct. No. 793-87C; preparing a memorandum that addresses legal arguments raised by the Government of Italy in a "Rejoinder" filed with the International Court of Justice in the Case Concerning Elettronica Sicula S.P.A. to assist the United States with presentation of its argument in that case at the Hague on February 13, 1989; attempting to obtain production of documents sought by the Government in American Medical Care and Review Assoc. v. United States, Cl.Ct. No. 214-86C, without filing a motion to compel; assisting with preparation of an affidavit in Tilley Constructors and Engineers, Inc. v. United States, Cl.Ct. 587-85; and supplementing responses to interrogatories in Wells Fargo Bank, N.A. v. United States, Cl.Ct. No. 51-88C. Respondent's counsel, therefore, will be unable to devote sufficient time to completing a reply to petitioner's response in this case during that period.
 
 
 7
 Moreover, between January 17 and 27, 1989, counsel is required to devote significant time to preparing briefs in American Medical Care and Review Assoc. v. United States, Cl.Ct. No. 214-86C, and Tilley Constructors and Engineers, Inc. v. United States, Cl.Ct. 587-85. In view of these circumstances and the two federal holidays during the week of January 16, 1989, which will hinder counsel in his consultations with senior officials at both agencies, respondent respectfully requests that its motion for an enlargement of time of 14 days to file a reply to Petitioner's Response to Respondent's Motion to Vacate The Decision Below And Remand With Direction To Dismiss As Moot be granted.
 
 
 8
 Respectfully submitted,
 
 
 9
 /s/ JOHN R. BOLTON
 
 Assistant Attorney General
 DAVID M. COHEN
 Director
 ROBERT A. REUTERSHAN
 Assistant Director
 OF COUNSEL:
 
 10
 KERRY MILLER, ESQ.
 
 Office of General Counsel
 Government Printing Office
 TERRENCE S. HARTMAN
 Attorney
 Commercial Litigation Branch
 Civil Division
 Department of Justice
 Attn: Classification Unit
 2nd Floor, Todd Building
 Washington, D.C. 20530
 Tele: (202)724-7227
 Attorneys for Respondent